OPINION
{¶ 1} This is an appeal from the judgment of the Franklin County Court of Common Pleas staying the underlying case and ordering plaintiff to submit her claim to arbitration. For the following reasons, we reverse and remand to the trial court for hearing.
 {¶ 2} Plaintiff-appellant, Michelle Hampton, purchased a new 2000 Chevy Cavalier from Wilmer Swad and Bill's Auto Sales Leasing, Inc. (collectively referred to as "Swad") in the year 2000. The car was bought back by the manufacturer after it experienced mechanical and other problems. Swad replaced the Cavalier and sold plaintiff a used 2000 Lumina. On December 29, 2000, plaintiff signed two documents: (1) a retail installment contract; and (2) a purchase order. Paragraph seven on the reverse side of the purchase order states in part:
Any controversy or claim in excess of $1,000 arising out of or relating to this agreement, or the purchase, sale, or servicing of the vehicle(s) described herein, shall be deter-mined by arbitration in accordance with the commercial arbitration rules of the American Arbitration Association. * * *
 {¶ 3} Subsequently, problems arose with the car. Plaintiff filed a complaint against Swad, Bill's Auto Sales Leasing, Inc., and Sonic-Capital Chevrolet, alleging fraud, breach of contract/warranty, and a violation of the Ohio Consumer Sales Practices Act ("CSPA"). In the complaint, plaintiff alleged she specifically asked whether the car had been wrecked to which the answer was "no." Plaintiff believes the car was in fact previously wrecked. Plaintiff alleged the sales representative told her the car had only one previous owner who used it for business purposes. Plaintiff alleged that, in fact, the car was previously used as a rental car at an establishment in Pennsylvania. Plaintiff also alleged Swad told her the car would be covered by the original factory warranty and sold her an additional warranty that would apply once the factory warranty ran out. The document then provided to plaintiff limited the additional warranty to the factory warranty. Plaintiff further alleged Swad told her the car would be repaired to her satisfaction if she bought it. After the purchase, the cruise control did not work, the brakes did not work well, the lights flickered, there were electrical problems, and the car would often not start. Plaintiff alleged that Swad never fixed it to her satisfaction and the car has problems to this day.
 {¶ 4} Swad filed a motion to stay the proceedings and refer the matter to arbitration. Plaintiff opposed the motion arguing that the arbitration provision should not be enforced because it was not in the retail installment contract, the arbitration provision was unconscionable, and/or Swad failed to comply with the time limitation for invoking arbitration. The trial court granted Swad's motion to stay the proceedings and referred the matter to arbitration. The trial court found that the parties intended to be bound by the arbitration provision and was therefore enforceable unless it was unconscionable. The court found no evidence before it to suggest the provision was unconscionable.[1]
 {¶ 5} In support of its motion to stay, Swad attached the retail installment contract and a page, with no apparent title, containing certain provisions including an arbitration provision. Plaintiff responded to the motion pointing out that the retail installment contract relied upon by Swad did not contain an arbitration provision. Swad filed a reply acknowledging that the retail installment contract did not contain the provision and apologized for the mistake.[2] Swad provided a separate document to the trial court, the purchase order form, which does contain an arbitration provision. Plaintiff filed a response addressing the supplemental document. Plaintiff argued Swad's reliance on the purchase order form was inappropriate and requested an opportunity to respond to the issue raised with respect to the new document if the trial court decided to consider it. Plaintiff's "Supplemental Memorandum Contra Motion To Arbitrate" at page 5 states:
Thus[,] even were this court to consider the merits of the motion based on an entirely different document, the same result is warranted and the motion should be denied. In the event that this court entertains the motion using the different document, plaintiff requests the opportunity to respond specifically with regard to the issue of why the arbitration provision in an unrelated document is adhesive, inapplicable, and unconscionable.
 {¶ 6} The trial court did not specifically examine evidence as to why plaintiff felt the purchase order was adhesive or unconscionable. Plaintiff filed a motion for reconsideration and attached an affidavit testifying to the circumstances surrounding the sale of the car. The trial court denied that motion on the grounds that a motion for reconsideration is not contemplated by the civil rules. Plaintiff now appeals.
 {¶ 7} Appellant asserts the following assignment of error:
The trial court erred by sustaining appellees Wilmer L. Swad, Jr., Bill's Auto Sales and Leasing, and Bill Swad Chevrolet's ("Swad") motion to stay the action and submit the entire case to arbitration.
 {¶ 8} Appellant argues the purchase order is a separate and unrelated document to the retail installment contract.[3] Appellant argues the trial court failed to hear evidence on whether the arbitration provision in the purchase order was unconscionable. Appellant requested an opportunity to address the purchase order if the trial court decided to consider the document. The court considered the document and ordered arbitration.[4]
 {¶ 9} We note first that arbitration is encouraged as a method to settle disputes and a presumption arises when the claim in dispute falls within the scope of the arbitration provision.[5] Battle v. Bill SwadChevrolet, Inc. (2000), 140 Ohio App.3d 185, 188, citing Williams v.Aetna Fin. Co. (1998), 83 Ohio St.3d 464, 471. An arbitration provision is in effect a contract within a contract, subject to revocation on its own merits. Battle, supra, at 189. This court in Battle reiterated the need for a trial court to inquire into the validity of the arbitration provision.[6] Id. at 190; Miller v. Household Realty Corp., Cuyahoga App. No. 81968, 2003-Ohio-3359. ("An arbitration agreement should only be enforceable when it was freely entered into, and the circumstances should be scrutinized where a consumer is confronted with a sophisticated lending institution, and waives the constitutional right of trial. Whether the arbitration agreement is unconscionable should be reviewed by the trial court prior to granting a stay of litigation and compelling arbitration"). (Emphasis omitted.) Id. at ¶ 40.
 {¶ 10} The standard of review in granting a motion to stay proceedings and compel arbitration is whether the trial court abused its discretion. We find that based on the particularly egregious nature of the allegations in this case, the better course is for the trial court to hold a hearing on the issue of whether the arbitration provision in the separate purchase order was adhesive and unconscionable in nature. Although there was argument made as to whether the provision was unconscionable and the trial court answered that argument in the negative, the only evidence before the court was appellant's signature on the purchase order. Dunn v. L M Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203 (trial court erred under R.C. 2711.03 in failing to hold a hearing to determine if there was a legitimate challenge to the validity of the arbitration clause; court "shall hear the parties, and upon being satisfied that the making of the agreement for arbitration * * * is not in issue, the court shall make an order directing the parties to proceed to arbitration * * *"; emphasis sic). While appellant may or may not ultimately be successful on the issue of unconscionability, we remand to the trial court to conduct a hearing in accordance with this opinion.
 {¶ 11} Accordingly, appellant's assignment of error is sustained, and we reverse the decision of the trial court and remand for proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Petree, P.J., and Bryant, J., concur.
[1] With respect to plaintiff's argument regarding Swad's failure to timely invoke the arbitration provision, the trial court found that it was plaintiff who had a dispute arising out of her purchase of the Lumina; thus, it was plaintiff that must comply with any applicable time limitations.
[2] In its reply, Swad stated that the documents in its file were single-sided copies and it mistakenly thought the page containing provisions attached to its motion to stay was part of the retail installment contract. It later realized the arbitration provision was in fact in the purchase order. Swad argued that this mistake did not affect the outcome, because either way plaintiff agreed to arbitrate her claims.
[3] Under R.C. 2711.02, an order granting or denying a stay of a trial pending arbitration is a final order and may be reviewed, affirmed, modified or reversed on appeal.
[4] Appellant also claims the trial court improperly denied her motion to strike a memorandum supplied by Sonic Capital in support of Swad's motion to stay. However, the single assignment of error deals with the trial court's granting of Swad's motion to stay.
[5] The arbitration provision at issue is broad in its scope and applies to claims arising out of the purchase order as well as claims arising out of the purchase or sale of the vehicle at issue.
[6] The alleged facts in Battle, against the same defendant as in the present case, are quite similar. According to the complaint, the plaintiff specifically inquired as to whether the car had been wrecked previously. The salesperson allegedly lied about the vehicle's history as well. The trial court had determined the arbitration provision contained in the separate purchase order was enforceable and denied a motion for stay on the grounds that the case involved the common-law remedy of rescission based on fraud and violation of the CSPA. The court of appeals determined that fraudulent inducement claims may not be the basis for denying the stay. However, the plaintiff also asserted the provision was unconscionable. This court found the trial court should have the first opportunity for further inquiry as to whether the provision was unconscionable and remanded to the trial court on that basis. Battle,
supra, at 192.