BORDONARO, Appellee,

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, Appellant.**

[Cite as *Bordonaro v. Merrill Lynch, Pierce, Fenner
& Smith,* 163 Ohio App.3d 410, 2005-Ohio-4988.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85338.

Decided Sept. 22, 2005.

_____

Hermann, Cahn & Schneider, Anthony J. Hartman, Hugh D. Berkson, and Jay H. Salamon, for appellee.

Kohrman Jackson & Krantz, Ari H. Jaffe, and Byron S. Krantz, for appellant.

PATRICIA ANN BLACKMON, Administrative Judge.

{¶ 1} This second appeal[1] concerns the status of a case when an arbitration award has been challenged on gross-procedural-error grounds in an appellate court, and the appellate court has ruled that the trial court should have vacated the award. We note that to this date, the trial court in this matter has not vacated the award. Instead, the trial court has held that the matter is moot, which is the basis of this second appeal.

{¶ 2} The historical facts are not relevant to this appeal; however, the procedural facts are. These facts relate to the events that occurred after we decided *Bordonaro I*. In *Bordonaro I*, we reversed the judgment of the trial court because it had denied Bordonaro's motion to vacate the original arbitration award. We decided that the original arbitration panel committed a gross procedural error when it refused to admit Bordonaro's expert's testimony in violation of R.C. 2711.10.

{¶ 3} After defendant Merrill Lynch Pierce Fenner & Smith ("Merrill Lynch") had unsuccessfully appealed our decision to the Ohio Supreme Court,[2] both Bordonaro and Merrill Lynch asked the trial court for relief. Bordonaro requested vacation of the original arbitration award consistent with this court's decision and to submit the case to the National Association of Securities Dealers ("NASD") for a new panel. Merrill Lynch moved the court to return the matter to the original arbitration panel. The trial court held the matter moot, and Merrill Lynch filed this appeal.

{¶ 4} It is axiomatic that this securities case must be resolved through NASD, which mandates arbitration in such disputes. It is factually undisputed that this court reversed the trial court's refusal to vacate the original arbitration award in *Bordonaro I*. Once an arbitration subject to R.C. Chapter 2711 is completed, the jurisdiction of the common pleas court is limited to confirmation, vacation, modification, or enforcement of the award and only on terms provided by statute.[3]

{¶ 5} Because the trial court held the matter moot and a moot matter exists when no justiciable controversy exists, we affirm this matter. The vacation of an

1. *Bordonaro v. Merrill Lynch, Pierce, Fenner & Smith,* 156 Ohio App.3d 358, 2004-Ohio-741, 805 N.E.2d 1138, referred to herein as *Bordonaro I.* The facts of *Bordonaro I* and this appeal are fully developed in that opinion.

2. *Bordonaro v. Merrill Lynch, Pierce, Fenner & Smith,* 102 Ohio St.3d 1485, 2004-Ohio-3069, 810 N.E.2d 968.

3. *Lockhart v. Am. Res. Ins. Co.* (1981), 2 Ohio App.3d 99, 2 OBR 112, 440 N.E.2d 1210.

arbitration award on procedural grounds leaves the parties as they were at the beginning of the process, and they are entitled to begin anew.[4]

{¶ 6} In *Lockhart v. Am. Res. Ins. Co.*, this court pointed out that when an award is vacated and the time within the agreement requiring the award to be made has not expired, the trial court may direct a rehearing by the arbitrators.[5]

{¶ 7} In this case, as in *Lockhart*, no one has argued the time issue; in fact, Merrill Lynch based its argument on our decision in *Bordonaro I*, surmising that our decision mandated a remand to the original panel. We decline to follow that approach. We believe that *Lockhart* resolves this issue and affirms that when a matter is vacated, time is not a factor, and it is vacated on procedural grounds, the parties begin anew.[6] Consequently, we overrule Merrill Lynch's sole error, which is stated below.[7]

{¶ 8} Accordingly, our decision in *Bordonaro I* reversed the trial court's refusal to vacate the original arbitration award, and our order may stand as a special mandate under App.R. 27, which effectively vacated the arbitration award. Under *Lockhart v. Am. Res. Ins. Co.*, the parties may begin anew and proceed in compliance with the NASD arbitration guidelines.

{¶ 9} Although the trial court should have vacated the award under *Bordonaro I*, its failure to do so does not hinder the movement of this case, and we see no need to return the matter to the trial court. The judgment of the trial court holding the matter moot is affirmed.

Judgment affirmed.

CELEBREZZE and ROCCO, JJ., concur.

---

4. Id. at 103, 2 OBR 112, 440 N.E.2d 1210.

5. Id. at 102, 2 OBR 112, 440 N.E.2d 1210, citing R.C. 2711.10(D).

6. *Haudenschield v. Nationwide Ins. Co.* (May 17, 1989), 3rd Dist. No. 6–88–12, 1989 WL 55683, citing *Lockhart v. Am. Res. Ins. Co.*, 2 Ohio App.3d 99, 2 OBR 112, 440 N.E.2d 1210.

7. "I. The common pleas court failed to implement the appellate court's journal entry and opinion of February 19, 2004 remanding the case to arbitration."