JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs, Jennifer and David Olah, appeal the trial court granting the motion of defendant, Ganley Chevrolet, to stay proceedings pending arbitration, pursuant to R.C. 2711.02.
 {¶ 2} In October, 2004, plaintiffs purchased a 2004 Chevrolet Aveo from defendant. Before deciding to purchase the vehicle, plaintiffs maintain that defendant consistently represented that the vehicle was brand new. Plaintiffs executed a purchase agreement that included an arbitration clause.
 {¶ 3} When plaintiffs discovered that the vehicle was not new when they purchased it, they filed suit against defendant. In their Complaint, plaintiffs asserted various claims against defendant, including violations of the Ohio Consumer Sales Practices Act, breach of contract, violation of the Motor Vehicle Sales Rule, along with fraud and deceit.
 {¶ 4} Instead of filing an answer to plaintiffs' Complaint, defendant filed a motion to stay. In that motion, defendant argued that when the plaintiffs signed the purchase agreement, they agreed to arbitrate any disputes arising out of the purchase transaction.
 {¶ 5} Plaintiffs responded to the motion to stay and argued that the arbitration clause was unconscionable and, therefore, unenforceable. The trial court disagreed and granted defendant's motion to stay.[1] Plaintiffs timely appeal[2] the trial court's judgment and present one assignment of error for review:
THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT GRANTED APPELLEE'S MOTION FOR STAY OF PROCEEDINGS.
 {¶ 6} Plaintiffs argue that the trial court erred in granting defendant's motion to stay, because the arbitration provision included in their purchase agreement was unconscionable and, therefore, unenforceable.
 {¶ 7} Whether an arbitration clause is unconscionable is a question of law. Ins. Co. of North Am. v. Automatic SprinklerCorp. (1981), 67 Ohio St.2d 91, 98, 423 N.E.2d 151. This court, however, "does not agree upon the standard of review applicable to a trial court's decision denying a stay of proceedings and referral to arbitration. Several panels have held that questions regarding whether the parties have made an agreement to arbitrate is a question of law requiring de novo review, while others have held that the appropriate standard is whether the trial court abused its discretion in rendering its decision."[3]Shumaker v. Saks, Inc., Cuyahoga App. No. 86098,2005-Ohio-4391, at ¶ 6. As in Shumaker, we conclude that the trial court in the case at bar, erred regardless of the review standard we apply to the facts.
 {¶ 8} Resolving disputes through the extra-judicial process of arbitration is generally favored in the law. Williams v.Aetna Fin. Co., 83 Ohio St.3d 464, 471, 1998-Ohio-294,700 N.E.2d 859. An agreement to arbitrate is typically viewed "as an expression that the parties agree to arbitrate disagreements within the scope of the agreement, and, with limited exceptions, such an agreement is to be upheld just as any other contract."Vanyo v. Clear Channel Worldwide, 156 Ohio App.3d 706,2004-Ohio-1793, at ¶ 8, 808 N.E.2d 482.
 {¶ 9} R.C. 2711.02[4] requires, with some exceptions, a trial court to stay proceedings when a party demonstrates that a written agreement exists between the parties to submit the issue to arbitration. Determining whether an arbitration agreement is enforceable, however, is further explained by R.C. 2711.01(A), which, in relevant part, provides as follows:
A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, * * * or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist atlaw or in equity for the revocation of any contract. (Emphasis added.)
 {¶ 10} As a matter of law, an arbitration clause is not enforceable if it is found to be unconscionable. Williams,
supra, at 471.
 {¶ 11} The Tenth Appellate District has analyzed the issue of unconscionability as it applies to arbitration in an automobile purchase agreement. In Battle v. Bill Swad Chevrolet, Inc.,
(2000), 140 Ohio App.3d 185, 746 N.E.2d 1167, plaintiff purchased a used car from defendant. Before the purchase, she specifically asked whether the car had ever been in an accident. The salesman told her "no." After signing the purchase agreement, which included an arbitration clause, she learned that the vehicle had been in two accidents. She also discovered that the damage from the more serious of the two crashes had never been repaired but only concealed with "bondo."
 {¶ 12} After she filed suit, defendant filed a motion to stay and requested the case be referred to arbitration as required by the arbitration clause in the purchase agreement. In response, she argued, among other things, that the arbitration clause was unconscionable. On grounds unrelated to unconscionability, the trial court denied her motion to stay.
 {¶ 13} The appellate court vacated the trial court's judgment and remanded the case with instructions to determine specifically whether the arbitration clause was unconscionable. The court explained:
Assuming appellee's allegations are true, a company with far superior knowledge of the situation concealed very damaging information about its product from a far less knowledgeable consumer in a transaction which is among the most expensive transactions engaged in by the average consumer. Further, the product purchased is of critical importance to the consumer. If the vehicle purchased fails to perform its basic function of providing reliable transportation, the impact on the consumer can be devastating, especially if the consumer is not a wealthy person.
Id., at 191-192. The court further commented: "Transactions involving modern day necessities such as transportation deserve especially close scrutiny before an arbitration clause is enforced by the courts." Id. This court has previously emphasized the need for scrutiny arising from the uneven field upon which the consumer and business operate. "An arbitration agreement should only be enforceable when it was freely entered into, and the circumstances should be scrutinized where a consumer is confronted with a sophisticated lending institution, and waives the constitutional right of trial. Whether the arbitration agreement is unconscionable should be reviewed by the trial court prior to granting a stay of litigation and compelling arbitration." Miller v. Household Realty Corp., Cuyahoga App. No. 81968, 2003-Ohio-3359, at ¶ 40; Hampton v. Swad, Franklin App. No. 03AP-294, 2003-Ohio-6655, ¶ 10.
Unconscionability
 {¶ 14} "Unconscionability is generally recognized to include an absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." Collins v. Click Camera Video,Inc. (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. "Unconscionability thus embodies two separate concepts: (1) unfair and unreasonable contract terms, i.e., `substantive unconscionability,' and (2) individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., `procedural unconscionability' * * *." Id. Unconscionability is an equitable doctrine that allows a party to avoid an arbitration clause if a "`quantum' of both prongs" is established. Id, citing White 
Summers, Uniform Commercial Code (1988, 219, Section 4.7.
 {¶ 15} Substantive unconscionability, which pertains to the contract itself, "involves those factors which relate to the contract terms themselves and whether they are commercially reasonable. Because the determination of commercial reasonableness varies with the content of the contract terms at issue in any given case, no generally accepted list of factors has been developed for this category of unconscionability. However, courts examining whether a particular limitations clause is substantively unconscionable have considered the following factors: the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." Id.
 {¶ 16} "Procedural unconscionability involves those factors bearing on the relative bargaining position of the contracting parties, e.g., `age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, whether there were alternative sources of supply for the goods in question." Id., quoting Johnson v. Mobil Oil Corp. (E.D. Mich. 1976),415 F.Supp. 264, 268.
Substantive Unconscionability
 {¶ 17} In the case at bar, the subject arbitration clause includes the following language:
ARBITRATION: ANY DISPUTE BETWEEN YOU AND DEALER (SELLER) WILL BE RESOLVED BY BINDING ARBITRATION. YOU GIVE UP YOUR RIGHT TO GO TO COURT TO ASSERT YOUR RIGHTS IN THE SALES TRANSACTION (EXCEPT FOR ANY CLAIM IN SMALL CLAIMS COURT). YOUR RIGHTS WILL BE DETERMINED BY A NEUTRAL ARBITRATOR, NOT A JUDGE OR JURY. YOU ARE ENTITLED TO A FAIR HEARING, BUT ARBITRATION PROCEDURES ARESIMPLER AND MORE LIMITED THAN RULES APPLICABLE IN COURT. ARBITRATOR DECISIONS ARE AS ENFORCEABLE AS ANY COURT ORDER AND ARE SUBJECT TO A VERY LIMITED REVIEW BY A COURT. SEE GENERAL MANAGER FOR INFORMATION REGARDING ARBITRATION PROCESS.
This is the exact same language[5] used in the arbitration clause at issue in Sikes v. Ganley Pontiac Honda,
(Sept. 13, 2001), Cuyahoga App. No. 79015, 2001 Ohio App. LEXIS 4065, at *2, appeal after remand at Sikes v. Ganley PontiacHonda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155.
 {¶ 18} In Sikes, this court determined that the arbitration clause was on a preprinted form and that Ganley Pontiac Honda never provided any particular details about the arbitration to the plaintiff in that case. These two facts, though not enough to decide the unconscionability issue alone in Sikes, nonetheless, proved sufficient to send the case back to the trial court for a further determination on the question of whether the clause was unconscionable.
 {¶ 19} In the case at bar, plaintiffs challenge the language of the agreement. Specifically, plaintiffs argue that the language of the arbitration provision binds only plaintiffs to arbitration. The provision reads as follows: "ANY DISPUTE BETWEEN YOU AND DEALER (SELLER) WILL BE RESOLVED BY BINDINGARBITRATION. YOU GIVE UP YOUR RIGHT TO GO TO COURT." Emphasis added. Plaintiffs note that the second sentence says nothing about binding arbitration for defendant. Plaintiffs ignore, however, the first sentence. Although not written as emphatically, this sentence binds both parties to arbitration. The unequal emphasis on plaintiff's limitation, however, may mislead plaintiff.
 {¶ 20} There is another sentence, furthermore, that is troublesome: "ARBITRATION PROCEDURES ARE SIMPLER AND MORELIMITED THAN RULES APPLICABLE IN COURT." This statement is not only arguably not true, but also certainly ambiguous. Depending on which arbitration forum parties choose, the arbitration procedures of that forum are not necessarily simpler or more limited than the Ohio Civil Rules of Procedure or the Local Rules of Court. Often, the Rules of Evidence do not strictly apply in an arbitration. Without the evidentiary parameters provided by the Rules, the arbitration process can be unpredictable and, therefore, more difficult. Further, the sentence offers no explanation about what the word "Limited" means. The meaning of this term will depend on the type of arbitration forum selected. We further note that the arbitration clause in this case does not describe who chooses the arbitration forum or by what procedure.
 {¶ 21} Under scrutiny, not only does this sentence fail to provide accurate information about the arbitration process, it also fails to describe the type of arbitration forum plaintiffs will be bound to participate in and it fails to clearly explain how arbitration is "simpler and more limited."
 {¶ 22} Third, the language "ARBITRATOR DECISIONS ARE AS ENFORCEABLE AS ANY COURT ORDER," while true, is significantly incomplete. This statement fails to mention that the burdens are different for each party in the appeal process. An understanding of that difference is crucial to the consumer's assessment of the arbitration agreement. The ease or difficulty of enforcing an arbitration award in contrast to an order rendered by a court lies in the difference between the appellate process unique to each process.
 {¶ 23} Court orders can be appealed directly to an appellate court so long as there is a final appealable order. On appeal, the Rules of Appellate Procedure offer a fairly open forum for appeal of issues raised in the lower court. Those issues can be subject to a wide variety of different review standards. See, Rules of Appellate Procedure and annotations related thereto.
 {¶ 24} By contrast, appeal of an arbitration decision will depend on the selected forum and whatever rules it follows. Arbitration decisions are generally subject to a very narrow and strict appeal process in the common pleas and appeals courts. A binding arbitration award will be enforced unless the complaining party can demonstrate that "the arbitrators were corrupt or committed gross procedural improprieties." Bordonaro v. MerrillLynch, Pierce, Fenner Smith, Cuyahoga App. No. 82806,156 Ohio App.3d 358, 2004-Ohio-741, ¶ 6, 805 N.E.2d 1138, discretionary appeal not allowed by Bordonaro v. Merrill Lynch, Pierce, Fenner Smith, 102 Ohio St.3d 1485, 2004-Ohio-3069, 810 N.E.2d 968, Subsequent appeal at Bordonaro v. Merrill Lynch, Cuyahoga App. No. 85338, 2005-Ohio-4988. Having to show that the arbitrators were corrupt and/or committed gross procedural errors is a far more stringent and narrow standard of appellate review than is otherwise required in typical appeals.
 {¶ 25} Other than denying the enforceability of the arbitration clause itself, a trial court cannot vacate an arbitration award unless one of the following criteria[6]
is demonstrated: the award was procured by corruption, fraud, or undue means, there was evident partiality or corruption on the part of the arbitrators, the arbitrators committed misconduct in the procedural aspects of the case, or the arbitrators exceeded their powers. On appeal, the substantive merits of an arbitration award are not reviewable "absent evidence of material mistake or extensive impropriety." Id., citing Cleveland v. FOP, Lodge No. 8, (Mar. 23, 2000), Cuyahoga App. No. 75892, 2000 Ohio App. LEXIS 1173, at *7. Overturning an arbitration award on appeal is more difficult than an ordinary civil appeal from a judgment in a court of law.
 {¶ 26} Because crucial information about the appellate process was not divulged, we find that the arbitration provision by its incompleteness is not only confusing, but misleading and thus substantively unconscionable. Accepting the arbitration clause as written, plaintiffs could not have known what being bound to arbitration really meant. The clause does not include some very important and material information plaintiffs would have needed in order to make an informed decision about whether to agree to arbitration. Because of the absence of any details about the arbitration process that plaintiffs would be bound to, we conclude that when they signed the purchase agreement plaintiffs were substantially less informed than defendant. The clause, on its face, violates principles of equity. Moreover, the failure of the arbitration provision to divulge certain information could have induced the consumers to agree to it.
Procedural Unconscionability
 {¶ 27} As in Sikes, supra, however, while the information we have about the arbitration clause raises a specter of doubt about whether the subject clause is unconscionable, there is other information still needed. Plaintiffs aver that defendant made numerous misrepresentations about the Aveo before they purchased it. Plaintiffs argue defendant manipulated them into not only purchasing the Aveo but also signing the purchase agreement that included the arbitration provision. Specifically, plaintiffs claim that they were rushed into signing the agreement, which, because it was part of a preprinted document, was virtually impossible to modify. Plaintiffs further argue that the arbitration provision was never explained to them. Because the arbitration clause was foisted upon them unfairly, they argue, it is therefore, unconscionable.
 {¶ 28} These allegations, while they raise some question about the fairness of holding plaintiffs to the arbitration clause, are not conclusive on the issue of whether the clause is unconscionable. Contrary to Collins, supra, we do not know plaintiffs' age, education, intelligence, business acumen, etc.
Necessity of a Hearing
 {¶ 29} As this court recently held, when the circumstances of the sale are not developed sufficiently in the record to ascertain unconscionability, the trial court should conduct a hearing to decide the issue. Molina v. Ponsky, Cuyahoga App. No. 86057, 2005-Ohio-6349, at ¶ 18. See, also, Women's FederalSavings Loan Association v. Potz (Nov. 17, 1983), Cuyahoga App. No. 46690, which held that the parties should be afforded an evidentiary hearing when a contract may be unconscionable.[7]
 {¶ 30} As I reported in my concurring opinion in Miller,
supra, ¶ 43, in which Judge Anne Kilbane joined: "* * * [T]his court has repeatedly held that the trial court must conduct a hearing when the validity of an arbitration clause is in dispute." See, also, Herman v. Ganley Chevrolet, Inc., Cuyahoga App. Nos. 81143 and 81272, 2002-Ohio-7251; Meastle v. Best BuyCo., Cuyahoga App. No. 79827, 2002-Ohio-3769; Poling v.American Suzuki Motor Corp. And Ganley, Inc. (Sept. 13, 2001), Cuyahoga App. No. 78577, 2001 Ohio App. LEXIS 4074; Dunn v. L M Building, Inc. (Mar. 25, 1999), Cuyahoga App. No. 75203, 1999 Ohio App. LEXIS 1166; Ritchie's Food Distributor, Inc. v.Refrigerated Construction Services, Inc., Pike App. No. 02CA683, 2002-Ohio-3763.
 {¶ 31} Accordingly, because the record in this case is not sufficiently developed, we must therefore remand this matter for a hearing to develop those circumstances in order to determine whether the arbitration clause is also procedurally unconscionable and thus unenforceable.
 {¶ 32} For the foregoing reasons, the trial court erred in granting defendant's motion to stay proceedings pending arbitration. Plaintiffs' sole assignment of error is sustained.
 {¶ 33} Accordingly, we vacate the judgment of the trial court and remand this matter for proceedings consistent with this opinion.
Judgment accordingly.
This cause is vacated and remanded.
It is, therefore, ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Kilbane, J., concur.
[1] In its journal entry the court stated as follows:
02/18/2005 N/A JE D1 GANLEY CHEVROLET INC MOTION FOR STAY OF PROCEEDINGS. RUSSELL W. HARRIS 0020761, FILED 12/14/2004, IS GRANTED. THIS COURT FINDS THAT THE ARBITRATION AGREEMENT IS VALID AND ENFORCEABLE. WHILE THE CONSUMER SALES PRACTICES ACT (CSPA) CONFERS JURISDICTION UPON THIS COURT, IN CASES ARISING UNDER CSPA IT DOES NOT PRECLUDE ARBITRATION OF SUCH CLAIMS. SEE EAGLE V. FRED MARTIN MOTOR CO. (2004), 157 OHIO APP. 3D 150. IT IS FURTHER NOTED THAT AS DEFENDANT GANLEY HAS INDICATED THEIR INTENT TO PAY ALL FEES AND COSTS IMPOSED BY THE AMERICAN ARBITRATION ASSOCIATION, DEFENDANT SHALL DO SO AND THIS CASE IS STAYED PENDING ARBITRATION. BOOK 3276 PAGE 0248 02/18/2005 NOTICE ISSUED.
[2] At one point this case was consolidated with Case No. 86050, in which defendant filed its brief as appellant. When the two cases were subsequently separated, defendant did not file an appellee brief in the case at bar.
[3] To demonstrate this disagreement, the Shumaker court cited the following cases: "Vanyo v. Clear Channel Worldwide
(2004), 156 Ohio App.3d 706, 2004-Ohio-1793, 808 N.E.2d 482;Ghanem v. American Greeting Corp., Cuyahoga App. No. 82316,2003-Ohio-5935; Herman v. Ganley Chevrolet, Inc., Cuyahoga App. Nos. 81143 81272, 2002-Ohio-7251; Spalsbury v. Hunter Realty,Inc. (Nov. 30, 2000), Cuyahoga App. No. 76874, 2000 Ohio App. LEXIS 5552; Gibbons-Grable Co. v. Gilbane Bldg. Co. (1986),34 Ohio App.3d 170, 517 N.E.2d 559 (holding that the question of whether a party has agreed to submit an issue to arbitration is a question of law requiring de novo review). Cf. Bevan v.Owens-Illinois, Inc., Cuyahoga App. No. 84776, 2005-Ohio-2323;Strasser v. Fortney Weygandt, Inc., Cuyahoga App. No. 79621, 2001 Ohio App. LEXIS 5738; Sikes v. Ganley Pontiac Honda (Sept. 13, 2001), Cuyahoga App. No. 79015, 2001 Ohio App. LEXIS 4065 (holding that the appropriate standard of review is abuse of discretion)."
[4] R.C. 2711.02(B), in part, states:
If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement * * *.
[5] There is, however, a typographical difference: the print in the Sikes case was not in caps and had no underlining.
[6] Pursuant to R.C. 2711.10.
[7] In the case at bar, defendant's motion to stay the proceedings was brought under R.C. 2711.02. Unlike R.C. 2711.03, which requires a trial court to conduct a hearing on the enforceability of an arbitration provision, R.C. 2711.02 does not require a hearing. Maestle v. Best Buy Co., 100 Ohio St.3d 330,2003-Ohio-6465, 800 N.E.2d 7.