{¶ 4} I agree with the majority that this case must be reversed and remanded for further proceedings, but for a different reason.
 {¶ 5} When the trial court compelled arbitration, it did so without the entire arbitration provision. The record reveals that the trial court only had the front page of the motor vehicle purchase contract before it when it compelled arbitration.
 {¶ 6} Having the same record as the trial court, this court also does not have the entire arbitration provision on appeal. At oral argument, appellant informed the court that while this matter involves an arbitration provision in a new car sales contract and its enforceability, the entire provision is not in the court's record.
 {¶ 7} Even though the front page of the contract provides for arbitration, this provision specifically references, "See back of this contract for additional terms." *Page 5 
 {¶ 8} But no back page exists. Thus, the entire arbitration clause is missing from the contract. As such, I would hold that the trial court erred when it compelled arbitration since by not having the entire arbitration provision, it could not determine if procedural and substantive unconscionability existed. See Olah v. GanleyChevrolet, 8th Dist. No. 86132, 2006-Ohio-694, at _14 ("Unconscionability is an equitable doctrine that allows a party to avoid an arbitration clause if a `"quantum of both prongs'" is established.").
 {¶ 9} Accordingly, I would remand this matter and instruct the trial court to hold the required oral hearing to determine if the arbitration provision is unconscionable, both procedurally and substantively. This court has repeatedly held that an oral hearing is necessary if the validity of the arbitration provision is in dispute. Olah at _30. If the trial court determines that is not unconscionable, then the trial court may compel arbitration.
 {¶ 10} This court, in a recent decision, James F. Post, et al. v.Procare Automotive Serv. Solutions, 8th Dist. No. 87646, 2007-Ohio-2106, points out that currently pending before the Ohio Supreme Court is the issue of whether an appellate court should apply a de novo or abuse of discretion standard of review when reviewing a trial court's decision granting or denying a motion to compel arbitration, where it is alleged that the arbitration clause in unconscionable. See Taylor Bldg. Corp. ofAm. v. Benfield, 112 Ohio St.3d 1417, 2006-Ohio-6712. In *Page 6 Post, this court extensively reviewed unconscionability and what is necessary for an arbitration provision to be enforceable and this writer need not repeat it again here.