Kaufman v Relx Inc. (2022 NY Slip Op 07192)

Kaufman v Relx Inc.

2022 NY Slip Op 07192

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Manzanet-Daniels, J.P., Oing, Singh, Scarpulla, Pitt-Burke, JJ. 

Index No. 153256/21 Appeal No. 16945 Case No. 2022-02323 

[*1]Herman Kaufman, Plaintiff-Appellant,
v
Relx Inc., et al., Defendants-Respondents.

Springs Law Firm PLLC, New York (Venus Y. Springs of counsel), for appellant.
Shook, Hardy & Bacon L.L.P., New York (William E. Vita of counsel) and Faruki PLL, Dayton, OH (Morgan K. Napier, of the bar of the State of Ohio and Erin E. Rhinehart, of the bar of the State of Ohio, admitted pro hac vice, of counsel), for respondents.

Order, Supreme Court, New York County (David B. Cohen, J.), entered on or about January 6, 2022, which granted the motion of defendants Relx Inc. and Relx PLC, and the motion of the individual defendants, insofar as each sought to compel arbitration and stay the instant action pending the arbitrator's determination of the arbitrability of plaintiff's claims and completion of arbitration, unanimously reversed, on the law, without costs, the motion denied, and matter remanded to determine the arbitrability of plaintiff's claims.
Section 5.1 of the parties' 2020 Agreement for the provision of electronic legal research services to plaintiff customer expressly provides that the arbitrability of disputes will be determined by "a court." Plaintiff commenced this action in New York and the arbitrability of his claims must be decided by the court, with Ohio law to apply, as per the terms of the parties' agreement (see generally Henry Schein, Inc. v Archer & White Sales, Inc ., US , 139 S Ct 524, 527 [2019]; Amalgamated Transit Union, Local 697 v Toledo Area Regional Tr. Auth ., 164 NE3d 569, 2020-Ohio-6655 [Ct App, 6th Dist 2020]).
Plaintiff attorney's argument to set aside the 2020 Agreement as unconscionable, is unavailing. A determination of unconscionability generally requires a showing that the contract was both procedurally and substantively unconscionable when made, namely, some showing of "an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party" (see Crouse v LaGrange Junction, Ltd ., 973 NE2d 822, 825, 2012-Ohio-2972 [Ct App, 9th Dist 2012] [internal quotation marks omitted]). Procedural unconscionability examines the circumstances at the time an agreement was entered into, including the commercial setting, whether deceptive or high-pressured tactics were employed, whether a party had a reasonable opportunity to understand the terms of the contract, which party drafted the contract, whether fine print was used in an agreement as to material terms, whether there was an alternative supply for the goods or services in question, the experience and education of the party claiming unconscionability, whether there was disparity in the bargaining power, and whether a contract of adhesion is at issue (see generally Rudolph v Wright Patt Credit Union , 175 NE3d 636, 2021-Ohio-2215 [Ct App, 2d Dist 2021]; Green v Full Serv. Prop. Inspections, LLC , 2013-Ohio-4266 [Ct App, 9th Dist 2013]). Whether a contract is procedurally unconscionable presents a question of law for the court although it is a fact-based determination (id. ).
Here, plaintiff asserts that he was a 79-year-old customer pressured by several phone calls from defendants on a single day during the Covid pandemic to persuade him to sign the alleged cost-saving 2020 Agreement, which was in electronic form on the internet. Plaintiff claims he lacked the technical ability to call up the agreement on the internet [*2]to review it in time before being asked to sign it via a DocuSign signature service, as per defendants' instructions. Plaintiff is an attorney, who did not assert any mental deficiencies, but only alleged duress from defendants' conduct in pursuing his signature on the 2020 Agreement. The urgency underlying plaintiff's signing the 2020 Agreement, without reading it, apart from promised lower service rates, is unclear. Plaintiff has not demonstrated how there is inequality in the bargaining power in this instance. Plaintiff is on equal footing with the defendants in understanding contract law, as well as the consequences of signing a contract. Moreover, the terms in the 2020 Agreement were similar to the majority of the material terms in the parties' 2019 Agreement, which plaintiff does not claim was unconscionable. Plaintiff could have stayed with his original subscription terms to LexisNexis or investigated the legal research services provided by similar commercial entities, like Westlaw. Where, as here, plaintiff fails to demonstrate a genuine issue of material fact that a transaction was procedurally unconscionable, a court need not consider whether the challenged contract provision was substantively unconscionable (see Barto v Boardman Home Inspection, Inc ., 2015-Ohio-5210 [Ct App, 11th Dist 2015]). Were we to reach the issue of substantive unconscionability, which we decline to do, we would find the terms of the 2020 Agreement to be commercially reasonable and not unreasonably favorable to defendants (see generally Rudolph v Wright Patt Credit Union, 175 NE3d 636, 2021-Ohio-2215 [Ct
App, 2d Dist 2021], supra ; Olah v Ganley Chevrolet, Inc ., 2006-Ohio-694 [Ct App, 8th Dist 2006]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022