JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Ganley Pontiac Honda ("Ganley") appeals the trial court's decision denying its motion to compel binding arbitration. For the following reasons, we reverse the decision of the trial court.
 {¶ 3} In their amended complaint, plaintiffs-appellees Aline Dudash ("Dudash") and Kitty Sikes ("Sikes") alleged that Ganley committed violations of the Magnuson-Moss Warranty Act, Ohio Consumer Sales Practice Act ("CSPA"), and that it breached express and implied warranties in connection with its sale of a 1996 Chrysler Sebring to Sikes. In response to the amended complaint, Ganley moved to stay proceedings and to compel arbitration based on an arbitration clause contained in the purchase agreement signed by Sikes. The arbitration clause provided:
"Arbitration — Any dispute between you and dealer (seller) willbe resolved by binding arbitration. You give up your right to go to courtto assert your rights in this sales transaction (except for any claim insmall claims court). Your rights will be determined by a neutralarbitrator not a judge or jury. You are entitled to a fair hearing, butarbitration procedures are simpler and more limited than rules applicablein court. Arbitrator decisions are enforceable as any court order and aresubject to a very limited review by a court. See General Manager forinformation regarding arbitration process."
 {¶ 4} The trial court denied the motion to stay the proceedings, finding the arbitration clause unconscionable and unenforceable. Subsequently, Ganley appealed to this court. See, Sikes v. Ganley PontiacHonda (Sept. 13, 2001), Cuyahoga App. No. 79015 ("Sikes I").
 {¶ 5} In Sikes I, we affirmed the trial court's decision as it applied to Dudash because she never signed the purchase agreement and, therefore, never agreed to submit any dispute to arbitration. As to Sikes, however, we held that the record was not well-developed as to the circumstances surrounding the nature and execution of the provision. Id. As a result, we remanded the case for the trial court to make a determination as to the unconscionability of the clause after the record was more developed.
 {¶ 6} Upon remand, the trial court ordered the parties to submit supplemental briefs as to the issue of whether the arbitration clause was unconscionable. Following the filing of the briefs, the trial court ruled that the arbitration clause was unconscionable and, therefore, unenforceable. From this decision, Ganley appeals.
 Enforceability of Arbitration Clause {¶ 7} In its sole assignment of error, Ganley argues that the trial court erred by finding that the arbitration clause is unconscionable. Ganley contends that in contravention of this court's order in Sikes I, Sikes failed to offer any evidence as to the nature and execution of the arbitration clause, precluding a finding by the trial court that the clause is unconscionable. We agree.
 {¶ 8} We review the trial court's decision denying a motion to compel binding arbitration pursuant to an abuse of discretion. Stasserv. Fortney Weygandt, Inc. (Dec. 20, 2001), Cuyahoga App. No. 79621;Harsco Corp. v. Crane Carrier Co. (1997), 122 Ohio App.3d 406, 410. Absent a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable, we must affirm the decision of the trial court. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} As we stated in Sikes I, arbitration is encouraged as a method to settle disputes. Sikes I, supra, citing, ABM Farms, Inc. v.Woods (1998), 81 Ohio St.3d 498. A presumption favoring arbitration arises when the claim in dispute falls within the scope of the arbitration provision. Williams v. Aetna Finance Co. (1998),83 Ohio St.3d 464, 471. Despite the general presumption in favor of enforcing an arbitration clause within a contract, an arbitration clause is not enforceable if it is found to be unconscionable. Sikes, supra, citing, Sutton v. Laura Salkin Bridal Fashions (Feb. 5, 1998), Cuyahoga App. No. 72107; see, also, R.C. 2711.01(A).
 {¶ 10} Under Ohio law, "a contract clause is unconscionable where there is the absence of meaningful choice on the part of one of the parties to a contract, combined with contract terms that are unreasonably favorable to the other party." Sikes I, supra, citing, Collins v. ClickCamera Video, Inc. (1993), 86 Ohio App.3d 826,834. To establish that a contract clause is unconscionable, the complaining party must demonstrate: 1) "substantive unconscionability," i.e. contract terms are unfair and unreasonable, and 2) "procedural unconscionability," i.e. the individualized circumstances surrounding the contract were so unfair as to cause there to be no voluntary meeting of the minds. Id. See, also,McCann v. New Century Mort. Corp., Cuyahoga App. No. 82202, 2003-Ohio-2752. Satisfying one prong of the test and not the other precludes a finding of unconscionability. See DePalmo v. SchumacherHomes, Stark App. No. 2001CA272, 2002-Ohio-772.
 {¶ 11} Substantive unconscionability pertains to the contract itself without any consideration of the individual contracting parties. It requires a determination of whether the contract terms are commercially reasonable in the context of the transaction involved.Collins, supra, at 834. Although there is no exhaustive list of factors to apply in determining whether a clause is substantively unconscionable, courts generally consider "the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." Id.
 {¶ 12} Procedural unconscionability, on the other hand, involves the specific circumstances surrounding the execution of the contract between the two parties. Specifically, it involves those factors bearing upon the "real and voluntary meeting of the minds," of the contracting parties, e.g., "age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed forms were explained to the weaker party, whether alterations in the printed forms were possible, whether there were alternative sources of supply for the goods in question." Id., quoting, Johnson v. Mobil OilCorp. (E.D. Mich. 1976), 415 F. Supp. 264, 268.
 {¶ 13} In the trial court, Sikes argued that the arbitration clause was procedurally unconscionable because it was a contract of adhesion and material terms of the arbitration were not disclosed in the agreement, and that it was substantively unconscionable because it imposed excessive fees without disclosing the costs in the agreement. On appeal, Sikes maintains that the trial court properly concluded that the arbitration clause is unconscionable because the record contains undisputed evidence that the clause imposed excessive fees, that the clause failed to disclose the fees, that Ganley refused to negotiate the arbitration clause with any of its customers, and that case law overwhelmingly disfavors upholding an arbitration clause that imposes excessive fees on a consumer. In response, Ganley asserts that even after the remand from this court, Sikes failed to produce any additional evidence surrounding the execution and nature of the agreement and, therefore, the trial court abused its discretion in finding the agreement unconscionable.
 {¶ 14} An adhesion contract is a "standardized contract form offered to consumers of goods and services on essentially `take it or leave it' basis without affording consumer realistic opportunity to bargain and under such conditions that consumer cannot obtain desired product or services except by acquiescing in form contract." O'Donoghuev. Smythe, Cramer Co., Cuyahoga App. No. 80453, 2002-Ohio-3447, at 25-26, citing Black's Law Dictionary (5 Ed. Rev. 1979) 38.
 {¶ 15} Despite the strong public policy in favor of arbitration, a weaker presumption exists when an arbitration clause is found in an adhesion contract between a businessman and an unsophisticated consumer.Williams, supra, at 472. See, also, Miller v. Household, Cuyahoga App. No. 81968, 2003-Ohio-3359 (an arbitration clause between a consumer and a sophisticated business whereby consumer waives the constitutional right to a trial warrants a heightened scrutiny by the court to ensure the clause was freely entered into). However, it is incumbent upon the complaining party to put forth evidence demonstrating that the clause is adhesive and, moreover, that as a result of the adhesive nature, the clause is unconscionable. See O'Donoghue, supra, at 25 (noting that a contract of adhesion is not unconscionable per se, and that all unconscionable contracts are not contracts of adhesion).
 {¶ 16} Here, there is no evidence in the record that the purchase agreement, including the arbitration clause, was presented to Sikes on a "take it or leave it" basis. Nor was there any evidence demonstrating a severe imbalance of bargaining power between Sikes and Ganley. Although it is undisputed that Ganley drafted the contract, there is no additional evidence surrounding the circumstances of the execution of the agreement. Specifically, there was no evidence presented as to Sikes' understanding of the agreement, whether the terms of the agreement were explained to her, whether Sikes was able to negotiate any part of the contract, whether alterations to the contract were allowed, and whether Sikes could have purchased a vehicle elsewhere. Moreover, Sikes failed to present any evidence regarding her age, education, intelligence, and business acumen and experience. See Collins, supra, at 834.
 {¶ 17} The only evidence offered by Sikes is that the clause was part of a pre-printed contract containing boilerplate language, and that based on Ganley's responses to its interrogatories, it had never previously modified the arbitration agreement nor sold a car without the customer agreeing to the arbitration clause since the inception of the clause in the purchase agreement. However, Ganley answered the interrogatory by stating that the clause had never been modified because no customer had requested a modification. Without evidence that a customer actually requested a modification and Ganley refused, Sikes can hardly assert that Ganley refused to negotiate the contract. Although evidence that Ganley failed to consummate a sale with one customer who refused to sign the arbitration agreement is suggestive of an adhesion contract, without more evidence as to the specific circumstances surrounding the instant sale, this court cannot conclude that the arbitration clause is procedurally unconscionable.
 {¶ 18} Sikes also contends that material terms of the contract were not disclosed and, therefore, there was no meeting of the minds. In her supplemental brief, Sikes included an extensive list of items the arbitration clause failed to disclose, which included: an explanation of arbitration, the designated arbitration program, the costs of arbitration, the party responsible for paying, the applicable law governing arbitration, the discovery process, the right to bring an attorney, the right to punitive damages, and the appeal process. However, Sikes cites no authority supporting her proposition that the arbitration clause is required to relay all of the above information to be enforceable. To the contrary, courts have consistently held that an arbitration clause does not have to include the specific costs. SeeO'Donoghue, supra, at 13, citing, Green Tree Fin. Corporation-Alabama v.Randolph (2000), 531 U.S. 79. Likewise, Sikes advanced this same argument in Sikes I but this court previously rejected it because of the absence of any evidentiary support.
 {¶ 19} Despite this court's earlier remand, Sikes failed to set forth any additional evidence concerning the surrounding circumstances of the nature and execution of the purchase agreement. As a result, we are unable to conclude that the instant arbitration clause is part of an adhesion contract warranting a finding that it is procedurally unconscionable.
 {¶ 20} Because Sikes failed to establish that the clause is procedurally unconscionable, she has failed to satisfy the two-prong test of unconscionability, and, therefore, we find that the trial court abused its discretion in finding the arbitration clause unconscionable.
 {¶ 21} As to Sikes' claim that the excessive arbitration fees alone warrant a finding of unconscionability and require the court to strike the entire arbitration clause, we disagree. Courts have consistently recognized that given the strong public policy in favor of arbitration, a court shall not deem an arbitration clause unconscionable simply because it imposes higher fees than filing a complaint in the trial court. SeeDunn v. L M Building (Oct. 26, 2001), Cuyahoga App. No. 77399.
 {¶ 22} On the other hand, if the costs associated with the arbitration effectively deny a claimant the right to a hearing or an adequate remedy, then courts have stricken an arbitration clause. InO'Donoghue, supra, this court affirmed the trial court's denial of a motion to compel arbitration because the arbitration filing fee exceeded the amount the plaintiff could recover pursuant to a limitation of liability clause within the contract. Similarly, in Sutton, supra, this court refused to uphold the arbitration provision within a sales contract because the costs of arbitration exceeded the amount of damages the plaintiff sought to recover in small claims court. However, bothO'Donoghue and Sutton are distinguishable from the instant case.
 {¶ 23} Here, Sikes is seeking damages of $55,000 for her first three claims and an indefinite amount for her last nine claims. Because she has not specified the amount of her damages, she asserts she would be required to pay the more expensive filing fee of $3,250. UnlikeO'Donoghue and Sutton, Sikes' filing fee does not exceed the amount of damages sought. Additionally, the amount of the filing fee depends on the amount sought in the complaint's prayer. For consumer cases where the claims do not exceed $75,000, the fees do not exceed $375. Arguably, every consumer who voluntarily signed an arbitration clause could defeat its application by simply asserting an indefinite demand amount and claim that the amount of the filing fee is unconscionable.
 {¶ 24} We also note that the Restatement of the Law 2d (1981), Contracts, § 208, states that, if a contract or term thereof is unconscionable at the time the contract is made, a court may refuse to enforce the contract or may enforce the remainder of the contract without the unconscionable term, or may so limit the application of any unconscionable term as to avoid any unconscionable result. SeeO'Donoghue, supra, at 10. Because Sikes clearly agreed to arbitrate any claims by signing the arbitration clause and she failed to present any evidence to the contrary, we find that the trial court abused its discretion by refusing to uphold the arbitration clause. Even if the trial court was convinced that the fees were excessive, we find the more equitable remedy is to order that the costs be borne by Ganley and grant the motion to stay proceedings and compel arbitration.[1]
 {¶ 25} Accordingly, Ganley's assignment of error is sustained.
 {¶ 26} Judgment reversed and case remanded for further proceedings consistent with this opinion.
 {¶ 27} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
Anthony O. Calabrese, Jr., J. concurs.
James J. Sweeney, P.J., Dissents.
(See separate Dissenting Opinion)
[1] Ganley's counsel admitted at the oral argument that the trial court had the authority to order Ganley to pay the fees.