JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-Appellant, Ganley Chevrolet, Inc. ("Ganley"), appeals from the decision of the Cuyahoga County Court of Common Pleas that denied its motions for stay of proceedings pending arbitration filed in the two cases underlying this consolidated appeal. For the reasons stated below, we affirm.
 {¶ 2} The following facts give rise to this appeal. Plaintiffs-appellees, Jeffrey and Stacy Felix, brought two actions against Ganley.[1] In both actions, the appellees filed class action complaints alleging consumer sales practices violations and seeking declaratory and injunctive relief.
 {¶ 3} The Felixes allege in the first action that on March 24, 2001, they went to Ganley to purchase a 2000 Chevy Blazer. The Felixes claim that as an incentive to sign the contract to purchase the vehicle, Ganley informed them that they were approved for 0.0% financing but that the offer would expire that evening. The purchase contract contained an arbitration clause that required "any dispute between you and dealer (seller) will be resolved by binding arbitration."
 {¶ 4} Jeffrey Felix signed under the arbitration clause and at the foot of the purchase contract, relying on Ganley's representation of 0.0% financing. The purchase contract provided that it was "not binding unless accepted by seller and credit is approved, if applicable, by financial institution." Jeffrey Felix also signed a conditional delivery agreement that specified that "the agreement for the sale/lease of the vehicle described above is not complete pending financing approval * * * and that the consummation of the transaction is specifically contingent on my credit worthiness and ability to be financed."
 {¶ 5} The Felixes traded in their van as part of the purchase. They allege Ganley insisted the Felixes take the Chevy Blazer home for the weekend. The Felixes claim that when they returned the following Monday to sign the promissory note and security agreement, they were told that GMAC (the financing institution) would only approve their financing at 1.9%, not at the 0.0% that was originally represented. The Felixes agreed to the 1.9% rate and signed the promissory note. More than a month later, the Felixes were informed that GMAC decided not to approve the 1.9% financing. Ganley then informed the Felixes that they could obtain 9.44% financing with Huntington Bank. The Felixes refused to execute a new agreement at the higher interest rate. The Felixes retained the vehicle and have been placing money into escrow for the purchase of the vehicle.
 {¶ 6} In the first action, under the fourth amended complaint, appellants claim that the arbitration clause utilized by Ganley was unconscionable and that various practices of Ganley pertaining to the clause violated the Ohio Consumer Sales Practices Act ("the Ohio CSPA"). The first three causes of action were raised as to the representative class. Count one alleges unconscionability of the arbitration clause; counts two and three allege unfair and deceptive consumer sales practices.
 {¶ 7} Counts four through six were the Felixes' individual claims. Counts four and five allege unfair and deceptive consumer sales practices concerning Ganley's "bait and switch tactics." Under count four, the Felixes claim that Ganley misrepresented to the Felixes that they were approved for financing, when no such approval was given, in order to get the Felixes to agree to purchase the vehicle later at higher interest rates. They further claim Ganley submitted a credit application to Huntington without authorization from the Felixes and in complete disregard of their privacy. Under count five, the Felixes allege that Ganley deceived Jeffrey Felix with respect to the conditional delivery agreement, and failed to incorporate into the security agreement that the Felixes were not, in fact, approved for financing with GMAC. Count six is a claim for intentional infliction of emotional distress with respect to the alleged misrepresentations Ganley made to the Felixes regarding the financing of the vehicle.
 {¶ 8} In the second action, the second amended complaint focuses entirely on the arbitration clause itself. Count one is a claim that the clause is unconscionable. Counts two through four claim unfair and deceptive consumer sales practices by Ganley with respect to the arbitration clause. Count five claims Ganley made false statements, representations, and disclosures of fact and defrauded customers as to the arbitration clause. In the second action, there are no direct allegations pertaining to the interest-rate representations made to the Felixes as were alleged in the first action.
 {¶ 9} In both cases, Ganley filed a motion for stay of proceedings, requesting that the matters be stayed pending arbitration in accordance with the arbitration agreement contained within the parties' purchase contract.
 {¶ 10} Following a consolidated hearing on the motions, the trial court denied the motions without opinion. Ganley has appealed and the matter has been consolidated for review on this appeal. Ganley raises one assignment of error for our review that provides the following:
 {¶ 11} "The trial court erred by failing to stay the proceedings pending arbitration pursuant to O.R.C. Section2711.02 in accordance with the arbitration agreement of the parties."
 {¶ 12} R.C. 2711.02(B) requires a trial court, upon application of a party and with limited exception, to stay proceedings in any action in which the court is satisfied that an issue is referable to arbitration pursuant to a written agreement between the parties. An order granting or denying a motion for stay pending arbitration is a final, appealable order. R.C.2711.02; Battle v. Bill Swad Chevrolet, Inc. (2000),140 Ohio App.3d 185, 187.
 {¶ 13} In this case, Ganley argues the trial court should have stayed the action pending arbitration because the purchase contract contains a clear and conspicuous arbitration clause. The Felixes claim the arbitration clause is unconscionable. Thus, the essential issue before us is whether the dispute between the parties is governed by a valid, enforceable agreement to arbitrate.
 {¶ 14} It is well recognized that an arbitration clause is essentially a contract within a contract and is valid, irrevocable, and enforceable unless otherwise determined on its own merits. R.C. 2711.01; ABM Farms, Inc. v. Maust,81 Ohio St.3d 498, 501, 1998-Ohio-612; Lou Carbone Plumbing, Inc. v.Domestic Linen Supply Laundry Co., Trumbull App. No. 2002-T-0026, 2002-Ohio-7169. Because the arbitration clause in a contract is considered separate, an alleged failure of the contract in which it is contained does not affect the clause itself. ABM Farms, 81 Ohio St.3d at 502. Further, if it is determined that an enforceable arbitration clause exists, questions regarding the validity of the contract are to be decided by the arbitrator. Williams v. ITT Financial Services
(1992), 65 Ohio St.3d 1203, 1206. As a result, the argument made by the Felixes claiming a revocation of the purchase contract is not properly before us. We must consider the arbitration clause separate from the purchase contract.
 {¶ 15} R.C. 2711.01(A) provides that a provision in a written contract "to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract * * * shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract." One of the equitable grounds upon which an arbitration clause may be found unenforceable is unconscionability. Williams v. AetnaFinancial Co., 83 Ohio St.3d 464, 471, 1998-Ohio-274. Moreover, it has been recognized that although arbitration is encouraged as a method to settle disputes, an arbitration clause is not enforceable if it is found to be unconscionable. Sikes v. GanleyPontiac Honda, Inc., Cuyahoga App. No. 82889, 2004-Ohio-155.
 {¶ 16} The determination whether an arbitration clause is unconscionable is a question of law subject to de novo review.Olah v. Ganley Chevrolet, Inc., Cuyahoga App. No. 86132,2006-Ohio-694; Corl v. Thomas King, Franklin App. No. 05AP-1128, 2006-Ohio-2956. In assessing whether a contract provision such as an arbitration clause is unconscionable, courts examine the facts and circumstances surrounding the creation of the agreement. Corl, supra.
 {¶ 17} "Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party." Lake Ridge Academy v. Carney
(1993), 66 Ohio St.3d 376, 383, quoting Williams v.Walker-Thomas Furniture Co. (C.A.D.C. 1965), 350 F.2d 445, 449. Unconscionability has two prongs: (1) "substantive unconscionability," i.e., contract terms that are unfair and unreasonable, and (2) "procedural unconscionability," i.e., the individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible. Olah, supra, citing Collins v. Click Camera Video,Inc. (1993), 86 Ohio App.3d 826, 834. Both prongs must be met to invalidate an arbitration provision.
 {¶ 18} We begin by considering whether the subject clause is substantively unconscionable. Substantive unconscionability pertains to the contract itself and requires a determination whether the contract terms are commercially reasonable in the context of the transaction involved. Sikes, supra, citingCollins, 86 Ohio App.3d at 834. Because the determination of commercial reasonableness varies depending on the content of the contract terms at issue, no generally accepted list of factors has been developed to determine if a clause is substantively unconscionable. Collins, 86 Ohio App.3d at 834.
 {¶ 19} The arbitration clause at issue appears on the purchase contract as follows:
"B. OPTIONAL EQUIPMENT Arbitration — Any dispute between you and dealer (seller) will be resolved by binding arbitration. You give up your right to go to court to assert your rights in this sales transaction (except for any claim in small claims court). Your rights will be determined by a neutral arbitrator, not a judge or jury. You are entitled to a fair hearing, but arbitration procedures are simpler and more limited than rules applicable in court. Arbitrator decisions are as enforceable as any court order and are subject to a very limited review by a court. See general manager for information regarding arbitration process."
 {¶ 20} Jeffrey Felix argues that he was unaware he had a right to object to the arbitration clause and that no part of the arbitration clause was explained to him. He testified that he believed that if he did not sign the arbitration provision, he would not be able to purchase the vehicle. He also stated he did not understand that he was giving up rights on appeal. Felix claims the clause was not comprehensive and was vague with respect to what was involved in an arbitration. The clause did not inform Felix that there was an entire handbook relating to arbitrating a dispute, something which Felix testified he would like to have known more about to get a better understanding of what rights he was or was not giving up and of the details of arbitration. He claims there were also undisclosed fees related to arbitration and misleading verbiage in the agreement.
 {¶ 21} Ganley asserts that an arbitration clause does not have to include the specific costs. Courts have in fact held that silence of an arbitration clause with respect to costs, by itself, does not make the clause unenforceable. Eagle v. FredMartin Motor Co., 157 Ohio App.3d 150, 167, 2004-Ohio-829; see, also, Sikes, supra. However, if the costs associated with the arbitration effectively deny a claimant the right to a hearing or an adequate remedy in an efficient and cost-effective manner, then courts have found an arbitration clause invalid. Sikes,
supra; McDonough v. Thompson, Cuyahoga App. No. 84342,2004-Ohio-6647. Otherwise stated, the undisclosed costs of arbitration do not render an arbitration agreement unconscionable when a plaintiff does not allege he is unable to pay or that the costs are so substantial as to deter the aggrieved party from initiating arbitration. See Corl, supra. Although Felix's assertion as to undisclosed fees is not sufficient to render the clause unconscionable in this case, he has set forth other grounds that support a finding of unconscionability, including that the clause is ambiguous and misleading.
 {¶ 22} This court recently reviewed an arbitration clause identical to the one in this case in Olah v. Ganley Chevrolet,Inc., supra. In Olah, after carefully scrutinizing the sentences and terms of the arbitration clause, this court found terms of the clause were ambiguous and misleading. Id. This court also found the clause failed to provide accurate information about the arbitration process, failed to describe the type of arbitration forum the plaintiffs would be bound to participate in, failed to clearly explain how arbitration is "simpler and more limited," and failed to mention that the burdens are different for each party in the appeal process. Id. The Olah
decision concluded: "Because crucial information about the appellate process was not divulged, we find that the arbitration provision by its incompleteness is not only confusing, but misleading and thus substantively unconscionable. Accepting the arbitration clause as written, plaintiffs could not have known what being bound to arbitration really meant. The clause does not include some very important and material information plaintiffs would have needed in order to make an informed decision about whether to agree to arbitration. Because of the absence of any details about the arbitration process that plaintiffs would be bound to, we conclude that when they signed the purchase agreement plaintiffs were substantially less informed than defendant. The clause, on its face, violates principles of equity. Moreover, the failure of the arbitration provision to divulge certain information could have induced consumers to agree to it." Id. We find the reasoning expressed in Olah is applicable to this case, and conclude that the subject clause is substantively unconscionable.
 {¶ 23} We next consider procedural unconscionablility. Procedural unconscionability involves the individual circumstances surrounding the execution of the contract and considers factors bearing on the relative bargaining position of the contracting parties, including age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract. Eagle, 157 Ohio App.3d at 163, citing Collins,86 Ohio App.3d 826. Additionally, the court should consider whether the party claiming the terms are unconscionable was represented by counsel at the time the contract was executed. Eagle,157 Ohio App.3d at 163.
 {¶ 24} Ganley argues that the Felixes are both college graduates with experience in the business world. Despite the fact that the clause states "see general manager for information regarding arbitration process," the Felixes did not inquire about the arbitration agreement. Ganley also points out that there were many other Chevrolet dealerships in the area with whom the Felixes could have negotiated. Ganley states that the Felixes were able to take the vehicle home for the weekend before they turned in the trade-in or signed over the title, so they were not coerced by being deprived of transportation. Further, after being told they could not have the 0.0% financing, the Felixes still decided to enter into the purchase contract. Ganley asserts that the evidence demonstrates the contract was not procedurally unconscionable.
 {¶ 25} We recognize the above factors favor Ganley's position; however, they are not the only relevant facts to the determination of procedural unconscionability in this case. Although the Felixes have college degrees in business administration, Jeffrey Felix's testimony reflects that he did not know anything about the arbitration process and he did not understand he was giving up certain rights. He claims the terms were not explained to him and the arbitration clause as written was vague and misleading. Also, the Felixes were not represented by counsel at the time the contract was executed.
 {¶ 26} We also note that the circumstances of this case involve a consumer purchasing a vehicle from a business with superior knowledge of the transaction. In the context of consumer sales agreements, Ohio courts have recognized that such arbitration clauses are subject to considerable skepticism upon review, because of the disparity in the bargaining positions of the parties. Eagle, 157 Ohio App.3d at 174; Williams v. AetnaFinancial Co., 83 Ohio St.3d at 472-473. Indeed, an arbitration clause involved in a consumer transaction, "necessarily engenders more reservations than an arbitration clause in a different setting, such as in a collective bargaining agreement, a commercial contract between two businesses, or a brokerage agreement." Id. at 472. As a result, the Ohio Supreme Court has cautioned that "the presumption in favor of arbitration should be substantially weaker in a case * * * when there are strong indications that the contract at issue is an adhesion contract, and the arbitration clause itself appears to be adhesive in nature. In this situation there arises considerable doubt that any true agreement ever existed to submit disputes to arbitration." Id. at 473.
 {¶ 27} Other Ohio courts have also noted the importance of trial courts giving special attention to consumer transactions involving expensive products such as automobiles, which are of critical importance to the consumer-buyer. Eagle,157 Ohio App.3d at 168; Battle, 140 Ohio App.3d at 191. As stated inBattle, "Transactions involving modern day necessities such as transportation deserve especially close scrutiny before an arbitration clause is enforced in the courts." Id. at 192.
 {¶ 28} In light of the various factors in this case, including a consumer transaction was involved that included a preprinted form contract containing an arbitration clause, the imbalance in bargaining positions of the parties, and Felix's understanding of the clause that was not explained to him and which contained misleading terms, and other facts and circumstances presented in this case, we find the arbitration provision was substantively, as well as procedurally, unconscionable.
 {¶ 29} We conclude the record in this case supports a finding that the arbitration clause violates principles of equity, given all the attendant facts and circumstances of this case. Ganley's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Blackmon, J., concur.
[1] The first action, CV-01-442143 and our case number 86991, was brought against Ganley Chevrolet, Inc., and as representative of various Ganley dealerships, and against Ganley Management Co. The second action, CV-01-454238 and our case number 86990, was brought against Ganley Chevrolet, Inc. and all Ganley companies.