{¶ 37} I concur in the judgment to reverse and remand, but I disagree that a hearing is required at this stage of the proceedings. I would reverse because the trial court should have granted the motion to compel arbitration and to stay proceedings.
 {¶ 38} First, I think it is important to note that the arbitration clause in the instant case is found in an employment contract andnot a consumer transaction which inherently involves unequal bargaining power. Secondly, the employment agreement arose as a result of Anderson's affirmative act of informing Procare that he had another job offer from its competitor. Procare offered Anderson the written contract and agreed to pay him $120,000 per year along with performance bonuses. Anderson accepted the terms of the contract and executed it on or about June 1, 2004 according to Procare's affidavit.
 {¶ 39} Thirdly, Procare submitted an affidavit and the employment contract as attachments to its motion to dismiss, or in the alternative, motion to compel arbitration and stay proceedings. Anderson responded more than two months later with his memorandum in opposition. His only attachments were the employment contract, Procare's complaint filed in Clermont County Common Pleas Court, a copy of the American Arbitration Association ("AAA") rules, and an Ohio jury instruction related to attorney fees and punitive damages. He failed to raise the customary issues by way of his own affidavit indicating his lack of education or business acumen, any alleged pressure to sign the contract, his inability to review it with an *Page 17 
attorney, as well as his inability to afford the arbitration fees. His memorandum in opposition failed to explain what he hoped to obtain through discovery that he did not already know and could present by affidavit.
 {¶ 40} Under the specific facts presented in the instant case, I would find that Anderson failed to allege and prove a "quantum of both prongs" of the unconscionability test to which the majority refers. And since he has not challenged the existence of the agreement as did the plaintiffs in the consumer cases relied on by the majority, R.C. 2711.03 does not require a hearing under the facts presented herein. Anderson had the opportunity to develop the record regarding the details of his execution of the employment agreement. Therefore, I think a hearing now rewards his dilatory actions.
 I. Procedural Unconscionability {¶ 41} ProCare contends that the arbitration provision is enforceable, in part, because Anderson failed to offer any evidence of procedural unconscionability. In determining procedural unconscionability, a court considers "those factors bearing on the relative bargaining position of the contracting parties, [e.g., age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, * * *]."Collins v. Click Camera Video, Inc. (1993), 86 Ohio App.3d 826, quoting Johnson v. Mobil Oil Corp. (E.D. Mich. 1976), 415 F.Supp. 264,268. Mere inequality of bargaining power is not sufficient to invalidate an otherwise enforceable arbitration *Page 18 
agreement. Vanyo v. Clear Channel Worldwide, 156 Ohio App.3d 706,2004-Ohio-1793, citing Gilmer v. Interstate/Johnson Lane Corp. (1991),500 U.S. 20, 33, 114 L.Ed.2d 26, 111 S.Ct. 1647.
 {¶ 42} Applying these factors, I would find that there is insufficient evidence in the record to find that the arbitration provision is procedurally unconscionable. Anderson failed to offer any testimony or provide an affidavit as evidence of his bargaining position. There is nothing in the record for us to conclude that Anderson was unaware of the impact of the agreement or that he was otherwise limited in understanding its terms. See McDonough v. Thompson, Cuyahoga App. No. 84342, 2004-Ohio-6647. Moreover, Anderson has not even suggested that he failed to understood the terms of the arbitration provision or that he was pressured to sign the agreement. In fact, ProCare required the agreement only after offering Anderson a raise as an inducement to keep him with the company.
 {¶ 43} Because Anderson failed to satisfy his burden of demonstrating procedural unconscionability, I would find merit to this argument.
 II. Substantive Unconscionability {¶ 44} In assessing whether a contract provision such as an arbitration clause is unconscionable, courts examine the facts and circumstances surrounding the creation of the agreement. Felix v. GanleyChevrolet, Inc., Cuyahoga App. Nos. 86990-86991, 2006-Ohio-4500, at ¶ 15, citing Corl v. Thomas King, Franklin App. No. 05AP-1128,2006-Ohio-2956. *Page 19 
 A. Fee-splitting {¶ 45} Anderson first argues that the trial court was correct in denying ProCare's motion to stay because the fee-splitting provision contained in the arbitration clause rendered the clause unconscionable. The clause stated that Anderson and ProCare would split the costs of arbitration. Anderson argues that the costs of arbitration far outweigh the costs of litigation in the courts; thus, the provision is unenforceable.
 {¶ 46} We review whether arbitration costs are prohibitive on a case-by-case basis. Williams v. Aetna Fin. Co., 83 Ohio St.3d 464,1998-Ohio-294, 700 N.E.2d 859; Green Tree Fin.Corp.-Alabama v.Randolph (2000), 531 U.S. 79, 148 L.Ed.2d 373, 121 S.Ct. 513. Potential litigants should be given an opportunity, prior to arbitration on the merits, to demonstrate that the potential costs of arbitration are great enough to deter them and similarly situated individuals from seeking redress. Eagle v. Fred Martin Motor Co., 157 Ohio App.3d 150,2004-Ohio-829; Morrison v. Circuit City Stores (6th Cir. 2003),317 F.3d 646, 663. Anderson relies on Porpora v. Gatliff Bldg. Co.,160 Ohio App.3d 843, 2005-Ohio-2410, 828 N.E.2d 1081, in which the court found an arbitration clause unenforceable partially because the clause did not disclose "either the costs of arbitration or the fact that they are substantially higher than the costs associated with a regular court proceeding." Id. at 849. *Page 20 
 {¶ 47} An arbitration provision in a contract is not rendered unenforceable simply because the provision is silent as to costs and fails to provide protection from potentially substantial costs.Green Tree Fin. Corp.-Alabama, supra. Moreover, the undisclosed costs of arbitration do not render an arbitration agreement unconscionable if the party seeking to invalidate an arbitration agreement fails to allege either that he is unable to pay or that the costs are so substantial as to deter him from initiating arbitration. Felix, supra at 4|21. That party bears the burden of showing the likelihood of incurring such costs. Id. The mere "risk" that a party will be saddled with prohibitive cost is too speculative to justify the invalidation of an arbitration agreement. Id.
 {¶ 48} Anderson argues that the cost of arbitration would be prohibitive, yet he proffered no evidence suggesting that he could not afford to arbitrate his claim. Anderson claims that an arbitrator would cost between $250-$400 per hour. He also stated that the requesting party would have to bear the costs of the court reporter and he provided the trial court a copy of the AAA rules. However, Anderson failed to provide any evidence of the projected cost of arbitrating his claim. He also never alleged that he could not afford to arbitrate. Simply attaching a copy of the AAA's rules to pleadings does not provide the court with a proper estimate of the cost of arbitration. The court is not obligated to calculate an estimate of costs based on fifty pages of AAA rules. *Page 21 
 {¶ 49} Anderson's blanket assertion that the costs of arbitration are prohibitive when compared to the cost of litigation is purely speculative. As we stated in Handler v. Southerland Custom Bldrs.,Inc., Cuyahoga App. No. 86956, 2006-Ohio-4371, "although the cost of arbitration may be high, so too is the cost of litigating a claim. Indeed, it is quite possible that litigation could result in substantial legal fees and costs that, in the end, exceed the cost of arbitration." Id. at 4|18; see also English v. Cornwall Quality Tools Company,Inc., Summit App. No. 22578, 2005-Ohio-6983, Tf17 (even when plaintiff provided specific estimates as to various costs associated with arbitration, the court held that, in the absence of "evidence of the expected cost differential between arbitration and litigation," the arbitration clause was enforceable).
 {¶ 50} Not only does Anderson fail to support his claim that arbitration would be prohibitively expensive, but his annual salary was $120,000 plus the potential for substantial performance bonuses. This surely does not support his argument that the costs of arbitration are prohibitive. Moreover, Anderson never alleged that he was pressured to sign the contract, prohibited from thoroughly reviewing the contract, or unable to seek legal advice before signing it. See O'Donoghue v. Smythe,Cramer Co., Cuyahoga App. No. 80453, 2002-Ohio-3447.
 B. Attorney Fees {¶ 51} Anderson next alleges that the contract is unenforceable because the arbitration clause states that the parties shall pay their own attorney fees. Anderson *Page 22 
argues that because the right to recover damages in employment discrimination actions includes the right to recover punitive damages, the arbitration clause eliminates damages. This, he claims, deprives him of a claim for attorney fees because if a jury awards punitive damages, then the jury can elect to award attorney fees.
 {¶ 52} We have previously held that it is not unconscionable for an arbitration clause to require each party to pay his or her own attorney fees. In Vanyo, supra at T|20, we held that a term requiring the parties to pay their own attorney fees does not render the agreement to arbitrate substantively unfair merely because it might impact the type of fee arrangement between the employee and that employee's attorney. See Manley v. Personacare of Ohio, Lake App. No. 2005-L-174,2007-Ohio-343; Handel's Enters. v. Wood, Mahoning App. Nos. 04MA238 and 05MA70, 2005-Ohio-6922.
 C. Waiver of Right to Arbitrate {¶ 53} Anderson next argues that the clause in the contract that allowed ProCare to seek relief outside of arbitration to protect its trade secrets is unconscionable because he was not given the same "free choice of forum" to choose between arbitration and court action for his age discrimination claim.
 {¶ 54} Merely because the employer need not arbitrate a claim for injunctive or equitable relief involving trade secrets or competition does not make the arbitration agreement unreasonable. Robbins v. CountryClub Ret. Ctr IV, Inc., Belmont App. *Page 23 
No. 04BE43, 2005-Ohio-1338. Anderson cites no authority to support his claim that the arbitration clause is unenforceable because it does not cover every type of possible lawsuit.
 {¶ 55} Anderson also claims that ProCare waived its right to arbitration because the company chose to file suit against him in another court. The lawsuit filed by ProCare, however, alleged a violation of Anderson's confidentiality and non-compete covenants and also named his new employer as a defendant. The contract Anderson executed expressly permits ProCare to pursue this type of action, and the new employer would not be subject to the agreement to arbitrate.
 D. Employment Contract {¶ 56} Additionally, this court has held, in the context of employment contracts, when a candidate for employment is free to look elsewhere for employment and is not otherwise forced to consent to the arbitration agreement, the agreement to arbitrate is not unconscionable. Melia v.Office Max N.Am., Inc., Cuyahoga App. No. 87249, 2006-Ohio-4765;Butcher v. Bally Total Fitness Corp., Cuyahoga App. No. 81593, 2003-Ohio-1734. We have rejected the formation of contracts where the modification has unilaterally changed existing employment terms and conditions. Harmon v. Philip Morris, Inc. (1997), 120 Ohio App.3d 187,697 N.E.2d 270. Because a candidate for employment is free to seek employment elsewhere and is not obligated to consent to the arbitration agreement, the agreement to arbitrate is *Page 24 
not unconscionable. Butcher, supra; EEOC v. Frank's Nursery Crafts (E.D. Mich. 1997), 966 F.Supp. 500.
 {¶ 57} Not only has Anderson failed to demonstrate that he could not obtain employment elsewhere had he refused to sign the contract, the contract arose because he had received another offer of employment. Although the circumstances in this case differ because Anderson was not a "candidate" seeking employment as were the plaintiffs inButcher and Melia, I would find that the modification did not unilaterally change his existing employment terms and Anderson received consideration for the contract.
 {¶ 58} Therefore, I would find that the arbitration clause is not unconscionable and reverse the trial court's denial of Procare's motion to compel arbitration and stay proceedings. *Page 25 
 APPENDIX ASSIGNMENTS OF ERROR
I. THE TRIAL COURT ERRED IN NOT STAYING ANDERSON'S CLAIMS BECAUSE THE FEDERAL ARBITRATION ACT AND OHIO LAW REQUIRE ENFORCEMENT OF THE PARTIES' MUTUAL AGREEMENT TO ARBITRATE THEIR CLAIMS.
II. THE TRIAL COURT ERRED IN NOT STAYING ANDERSON'S CLAIMS BECAUSE THE ARBITRATION AGREEMENT IS NOT UNCONSCIONABLE AND, THUS, IS ENFORCEABLE.
III. THE TRIAL COURT ERRED IN NOT SEVERING THE ALLEGED OFFENDING TERMS AND ENFORCING THE ARBITRATION CLAUSE.
IV. THE TRIAL COURT ERRED IN STAYING ANDERSON'S CLAIMS BECAUSE DEFENDANTS DID NOT WAIVE THEIR RIGHT TO ARBITRATION. *Page 1