OPINION
{¶ 1} Appellants, Tommy and Patricia Bayes ("the Bayes"), appeal the trial court's decision to stay trial pending the outcome of arbitration of a dispute arising under a construction contract between the Bayes and appellees, Merle's Metro Builders/Boulevard Construction, LLC, et al.
 {¶ 2} On March 24, 2006, the Bayes contacted Merle Sobol, the 71-year-old owner of Merle's Metro Builders/Boulevard Construction, LLC, to discuss adding an *Page 2 
addition to their home and remodeling their basement bathroom. Sobol described the nature of the work that would need to be done and quoted a price of $70,000. On the evening of March 24, 2006, the parties entered into an agreement for the work. The general provisions of the one-page contract were pre-printed and contained an arbitration provision, which required any controversy or claim emanating from the agreement to be arbitrated "by the American Arbitration Association under its Commercial Arbitration Rules[.]"
 {¶ 3} At the time the contract was signed, the Bayes made a $1,000 down payment to Sobol. Shortly thereafter, the remodeling work commenced. In July 2006, the Bayes expressed some concerns about the work and alerted Sobol they wished to cancel the agreement. After a heated discussion, Sobol advised the Bayes that he would refer the matter to arbitration pursuant to the March 24, 2006 contract. On November 15, 2006, in an attempt to avoid arbitration, the Bayes filed a complaint in the Lake County Court of Common Pleas. On December 14, 2006, appellees filed a motion to dismiss the Bayes' complaint or, in the alternative, stay proceedings pending arbitration. On February 9, 2007, the Bayes filed their motion in opposition. On March 21, 2007, the trial court granted appellees' motion to stay the proceedings while the matter was arbitrated. The Bayes now appeal.[1]
 {¶ 4} Under their sole assignment of error, the Bayes allege: *Page 3 
 {¶ 5} "The trial court erred, as a matter of law, in granting defendants'-appellees' motion to stay proceedings and enforce arbitration, reasoning that the arbitration clause was not unconscionable."
 {¶ 6} Generally, an appellate court reviews a trial court's determination of a motion to stay trial pending arbitration for an abuse of discretion. Ball v. Ohio State Home Servs., Inc.,168 Ohio App.3d 622, 2006-Ohio-4464, at ¶ 5. However, the legal issue of whether an arbitration provision in an underlying contract is unconscionable is reviewed de novo. Id., citing Featherston v. Merrill Lynch, Pierce,Fenner Smith, Inc., 159 Ohio App.3d 27, 2004-Ohio-5953, at ¶ 12. The determination of whether a contractual provision is unconscionable is fact-dependant and requires an analysis of the circumstances of the particular case before the court. Featherston v. Merrill Lynch, Pierce,Fenner Smith, Inc., at ¶ 12, citing Eagle v. Fred Martin MotorCo., 157 Ohio App.3d 150, 2004-Ohio-829, at ¶ 13. Pursuant to this standard, this court possesses a plenary power of review affording the trial court's analysis no deference. Eagle v. Fred Martin MotorCo., at ¶ 11.
 {¶ 7} Ohio public policy favors arbitration and, therefore, such provisions are ordinarily valid and enforceable. See R.C. 2711.01(A). As a result, a court must indulge a strong presumption in favor of arbitration and resolve any doubts in favor of arbitrability. Ball v.Ohio State Home Servs., Inc., 2006-Ohio-4464, at ¶ 6, quotingNeubrander v. Dean Witter Reynolds, Inc. (1992), 81 Ohio App.3d 308,311. "However, an arbitration provision may be held unenforceable under [R.C. 2711.01(A)] on `grounds that exist at law or in equity for the revocation of any contract.'" Ball v. Ohio State Home Servs., Inc., at ¶ 6. One such ground is unconscionability. Id. *Page 4 
 {¶ 8} "An unconscionable contract clause is one in which there is an absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to the other party."Eagle v. Fred Martin Motor Co., 2004-Ohio-829, at ¶ 30. An arbitration provision can be rendered invalid where a party demonstrates the provision is both procedurally and substantively unconscionable.Featherston v. Merrill Lynch, Pierce, Fenner Smith, Inc.,2004-Ohio-5953, at ¶ 13.
 {¶ 9} Substantive unconscionability goes to the specific terms of the contract. Ball v. Ohio State Home Servs., Inc., 2006-Ohio-4464, at ¶ 7. When considering substantive unconscionability, the court should observe whether the terms of the contract are commercially reasonable.Eagle v. Fred Martin Motor Co., 2004-Ohio-829, at ¶ 31. With respect to this issue, the Second Appellate District has observed:
 {¶ 10} "Because the determination of commercial reasonableness varies with the content of the contract terms at issue in any given case, no generally accepted list of factors has been developed for this category of unconscionability. However, courts examining whether a particular * * * clause is substantively unconscionable have considered the following factors: the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." Collins v. ClickCamera Video, Inc. (1993), 86 Ohio App.3d 826,834.
 {¶ 11} Alternatively, procedural unconscionability requires a court to consider factors related to the bargaining power of each party, "including age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract." Eagle v. Fred Martin MotorCo., 2004-Ohio-829, at ¶ 31. "Procedural unconscionability concerns the *Page 5 
formation of the agreement and occurs when no voluntary meeting of the minds is possible." Porpora v. Gatliff Building Co.,160 Ohio App.3d 843, 2005-Ohio-2410, at ¶ 7.
 {¶ 12} The arbitration clause at issue reads:
 {¶ 13} "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be exclusively settled by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, any judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof."
 {¶ 14} The contract in which the clause appears is a one-page document; the clause appears towards the bottom of the document and is written in the same small font size as the remaining provisions of the contract.
 {¶ 15} Substantive Unconscionability
 {¶ 16} The Bayes assert the arbitration clause is substantively unconscionable because it is misleading and ambiguous. Specifically, the Bayes argue the provision (1) fails to provide any information regarding the nature of arbitration and/or the arbitration process; (2) does not mention that the burdens are different in arbitration than in court; (3) fails to disclose the costs associated with the arbitration process; and (4) fails to mention that arbitration is binding.
 {¶ 17} The Bayes cite two cases in support of their position. First, in Felix v. Ganley Chevrolet, Inc., 8th Dist. Nos. 86990 and 86991,2006-Ohio-4500, the Eighth Appellate District held the foregoing arbitration clause unconscionable:
 {¶ 18} "`B. OPTIONAL EQUIPMENT Arbitration — Any dispute between you and dealer (seller) will be resolved by binding arbitration. You give up your right to go to *Page 6 
court to assert your rights in this sales transaction (except for any claim in small claims court). Your rights will be determined by a neutral arbitrator, not a judge or jury. You are entitled to a fair hearing, but arbitration procedures are simpler and more limited than rules applicable in court. Arbitrator decisions are as enforceable as any court order and are subject to a very limited review by a court. See general manager for information regarding arbitration process.'" Id. at ¶ 19.
 {¶ 19} Relying upon its prior decision in Olah v. Ganley Chevrolet,Inc., 8th Dist. No. 86132, 2006-Ohio-694, a case in which the court struck down an arbitration provision with precisely the same wording, the Eighth District dissected the provision and determined it was misleading and ambiguous. Felix v. Ganley Chevrolet, Inc.,2006-Ohio-4500, at ¶ 22. In Olah v. Ganley Chevrolet, Inc., the court observed that the provision's emphasis upon the buyer giving up his or her right to go to court could mislead a buyer due to the "unequal emphasis on [buyer's] limitation." Olah v. Ganley Chevrolet, Inc.,2006-Ohio-694, at ¶ 19. Further, the court was troubled by the assertion that "`arbitration procedures are simpler and more limited than rules applicable in court.'" Id. at ¶ 20. The court pointed out that the statement "is not only arguably not true, but also certainly ambiguous." Id. Next, the court found fault with the representation that "`arbitrator decisions are as enforceable as any court order[.]'" Id. at ¶ 22. The court noted, "while true * * * [t]his statement fails to mention that the burdens are different for each party in the appeal process. An understanding of that difference is crucial to the consumer's assessment of the arbitration agreement." Id. *Page 7 
 {¶ 20} In light of these problems, the court held that the "provision by its incompleteness is not only confusing, but misleading and thus substantively unconscionable." Id. at ¶ 26.
 {¶ 21} In Porpora v. Gatliff Building Co., the plaintiffs entered into a construction contract with defendant contractor for the construction of their home. Porpora v. Gatliff Building Co., 2005-Ohio-2410, at ¶ 2. The contract contained an arbitration clause, which read:
 {¶ 22} "`All claims and disputes relating to this contract shall be subject to arbitration at the option of either the buyer or the contractor in accordance with the Arbitration Rules of the American Arbitration Association for the construction industry in effect at the time of the arbitration located in Medina County, Ohio. Written notice of demand for arbitration shall be filed with the other party to the contract and with the American Arbitration Association, within a reasonable time after the dispute has arisen. The buyer shall have no rights to seek or obtain arbitration until such time as the contractor has certified substantial completion in accordance with this agreement. An award in arbitration may be enforced and entered in a court of competent jurisdiction in the county in which the lot is located. Arbitration shall be mandatory for buyers and constitutes the sole method of buyer in seeking to enforce the provisions of this agreement.'" Id. at ¶ 14.
 {¶ 23} The court found that the clause was unfairly "skewed in favor of the contractor, imposing significant restrictions upon the buyer alone." Id. at ¶ 15. Specifically, the court determined the clause prohibited the buyer from initiating arbitration until the contractor had certified substantial completion. The court observed *Page 8 
that forcing the buyer to wait in this manner "threatens to thwart the buyer's efforts to mitigate damages." Id. Further, the court pointed out that arbitration is the only method through which the buyer is permitted to enforce the contract provisions. The court aptly noted that "this provision increases the financial hurdle the buyer must surmount in order to pursue a claim." Id. In addition to the substantive problems, the president of the defendant contractor testified that he would not enter into a contract with a consumer who was unwilling to accept the arbitration provision in a construction contract. Id. at ¶ 12. The court therefore found that the defendant's hard-line stance on arbitration coupled with the unfair provisions in the contract rendered the provision both substantively and procedurally unconscionable. Id. at ¶ 13, 19.
 {¶ 24} The concern with the arbitration clause the Bayes signed in this case is the failure to clearly and unequivocally alert them that, by execution of the contract, they (1) waive their constitutional right to a jury trial, (2) waive their right to have the matter determined by any court, and (3) consent to the award of the arbitration panel as final and binding. This concern was articulated and discussed by the Fifth Appellate District in Fortune v. Castle Nursing Homes, Inc.,164 Ohio App.3d 689, 2005-Ohio-6195, where the court held "[f]urther, as to the actual language used in Article VI, none of the sections state that a resident is giving up his or her right to a jury trial by signing the Admission Agreement." Id. at ¶ 31.
 {¶ 25} Access to the courts to resolve disputes in the state of Ohio is protected by the Ohio Constitution. Article I, Section 5 of the Ohio Constitution states: *Page 9 
 {¶ 26} "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."
 {¶ 27} The language used in the arbitration clause in this case states that "any judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." Most consumers would not equate this language with waiver of a constitutional right and waiver of their right to have the dispute determined by any court. To the contrary, it suggests to some extent that a court will at least have some jurisdictional review of the case. As a result, we hold the particular arbitration clause at issue in this case to be substantively unconscionable.
 {¶ 28} The arbitration language held to be deficient by the Eighth District in Felix v. Ganley Chevrolet, Inc., 2006-Ohio-4500, actually appears to be more protective of the consumer than the language in this case. That clause clearly stated:
 {¶ 29} "`You give up your right to go to court to assert your rights in this sales transaction (except for any claim in small claims court). Your rights will be determined by a neutral arbitrator, not a judge or jury. You are entitled to a fair hearing, but arbitration procedures are simpler and more limited than rules applicable in court. Arbitrator decisions are as enforceable as any court order and are subject to a very limited review by a court. See general manager for information regarding arbitration process.'" Id. at ¶ 19.
 {¶ 30} In Olah v. Ganley Chevrolet, Inc., the Eighth District was concerned about the potential for interpreting an "unequal emphasis on [buyer's] limitation," and the potentially incorrect assertion that arbitration procedures are simpler and more limited *Page 10 
than the rules in court. Olah v. Ganley Chevrolet, Inc., 2006-Ohio-694, at ¶ 19-20. However, in comparing the entirety of the two clauses, the arbitration clause in this case falls decidedly shorter than the arbitration clause in Felix v. Ganley Chevrolet, Inc. and Olah v. GanleyChevrolet, Inc., with regard to putting the consumer on notice of the waiver of the consumer's constitutional right to a jury trial, and the inability to access any court whatsoever.
 {¶ 31} Procedural Unconscionability
 {¶ 32} The Bayes assert the arbitration clause is procedurally unconscionable because (1) the contract was adhesive in nature and, thus, no meeting of the minds occurred; (2) Sobol possessed superior experience with remodeling contracts; and (3) the Bayes were not provided with any information about the American Arbitration Association or its Commercial Arbitration Rules. We shall address the Bayes' assertions together.
 {¶ 33} An adhesion contract is a "`standard-form contract prepared by one party, to be signed by the party in a weaker position, usu(ally) a consumer, who adheres to the contract with little choice about the terms.'" Taylor Bldg. Corp. of Am. v. Benfield, 168 Ohio App.3d 517,2006-Ohio-4428, at ¶ 21, quoting Black's Law Dictionary (8th Ed.2004) 342. Despite the strong public policy in favor of arbitration, a weaker presumption arises when an arbitration clause is found in a contract of adhesion. Sikes v. Ganley Pontiac Honda, Inc., 8th Dist. No. 82889,2004-Ohio-155, ¶ 15. Although an adhesion contract is not per se unconscionable, "the more standardized the agreement and the less a party may bargain meaningfully, the more susceptible the contract or a term will be to a claim of unconscionability." O'Donoghue v. Smythe,Cramer Co., 8th *Page 11 
Dist. No. 80453, 2002-Ohio-3447, at ¶ 24. Nonetheless, "it is incumbent upon the complaining party to put forth evidence demonstrating that the clause is adhesive and, moreover, that as a result of the adhesive nature, the clause is unconscionable." Sikes v. Ganley Pontiac Honda,Inc., 2004-Ohio-155, ¶ 15.
 {¶ 34} In the present case, even though there was no hearing on the motion to enforce the arbitration clause, the Bayes supplied the trial court with evidentiary material that included affidavits of both Tommy and Patricia Bayes and the transcript of Sobol's deposition.
 {¶ 35} Sobol owned the construction business that created the contract. Sobol, at the time of the agreement, was 71 years old and had been in the construction business his entire adult life. Sobol had entered into numerous contracts over the years. He testified that he relied on attorneys, accountants, and trade organizations to aid him in his business decisions. Specifically relating to this matter, Sobol stated an attorney advised him to insert an arbitration clause into his contracts. Moreover, he testified that he was aware of the advantages to arbitration, such as it was cheaper for his business should a dispute arise. Sobol testified he reviewed the contract with the Bayes and answered any questions they had regarding the terms. However, he did not remember if the Bayes asked any questions about the arbitration clause. Further, he testified that he did not explain the costs of arbitration to the Bayes, and he acknowledged that the arbitration provision did not address the payment of costs.
 {¶ 36} Tommy Bayes stated, via affidavit, that he has only a tenth-grade education. Patricia Bayes stated she is a 47-year-old housewife with a high school education. She asserted she had worked in a family-owned business "many years *Page 12 
ago." She stated she "felt hurried" to sign the contract and was led to believe Sobol "would not make any alterations to the pre-printed terms and conditions of his contract." Mr. and Mrs. Bayes indicated they were completely unfamiliar with contract language. In addition, Mr. and Mrs. Bayes stated they were not aware they were giving up their right to a jury trial. In fact, they both stated Sobol only explained the arbitration provision to them after they informed Sobol that they were unhappy with the quality of work being performed and that they were contemplating going to court.
 {¶ 37} Sobol's and the Bayes' relative ages and education levels may have been comparable, in that all of them were adults and none of them obtained advanced degrees. However, Sobol's business acumen was far superior to that of the Bayes, as Sobol had decades of experience in the industry and had participated in numerous similar transactions. The Bayes, on the other hand, were not familiar with contract language and, as the consumers, were not regular parties to similar contracts. While Sobol may have explained some of the terms of the contract to the Bayes, there is no evidence that he explained the arbitration provision to them. Finally, we note that Sobol drafted the contract, with the assistance of an attorney. Thus, the procedural unconscionablity factors weigh in favor of finding the instant contract procedurally unconscionable.
 {¶ 38} The analysis with regard to the waiver of rights, including the right to a jury trial, from a procedural unconscionability standpoint, is particularly troubling because of the ambiguous language in the clause at issue. There is no unequivocal waiver of the constitutional right to a jury trial, nor is there any recitation that the Bayes waive their right to go to court altogether. The evidentiary material submitted to the court seems to *Page 13 
clearly establish that the Bayes did not appreciate this, and it was never explained to them. The court in Fortune v. Castle Nursing Homes,Inc., expressed great concern about this very scenario when it stated that "inclusion of a binding-arbitration clause must be done in such a manner that the person signing the agreement is made aware of the existence of the provision and the importance of the right he or she is waiving." Fortune v. Castle Nursing Homes, Inc., 2005-Ohio-6195, at ¶ 32.
 {¶ 39} The Fortune Court upheld the arbitration clause in question only because the consumer in that case failed to supply any evidentiary material or testimony to establish they were not informed of the importance of waiver. Id. at ¶ 36. As a result, even though the clause was clearly substantively unconscionable, the appellant could not establish the procedurally unconscionable prong. Id. at ¶ 34-37. In the present case, the Bayes have provided sufficient evidence to establish that they did not participate in a knowing waiver of important legal rights. In fact, based on the language of the agreement in question, it would be unusual for a consumer in the position of the Bayes herein to appreciate the import of such language without additional explanation. This problem for the contractor could have been easily cured by having the clause clearly and unequivocally address the reality of the situation, (i.e., that the Bayes have a constitutional right to a jury trial and to have the case decided in court, but by signing and agreeing to the arbitration clause, they are waiving those rights) and explaining it to the Bayes if they had questions.
 {¶ 40} Therefore, we hold that, in addition to being substantively unconscionable, because of the facts and circumstances presented in this case, enforcement of the clause in question would be procedurally unconscionable as well. *Page 14 
 {¶ 41} The Bayes' assignment of error has merit.
 {¶ 42} For the reasons expressed herein, the judgment of the Lake County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this opinion.
COLLEEN MARY OTOOLE, J., concurs,
CYNTHIA WESTCOTT RICE, P.J., dissents with Dissenting Opinion.
[1] R.C. 2711.02(C) provides that an order that "grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure * * *." Thus, the March 21, 2007 judgment granting a stay of proceedings pending arbitration is a final, appealable order properly before this court.